UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOROTHY WASHINGTON           CIVIL ACTION NO. 17-cv-0050

VERSUS           JUDGE FOOTE

DANIEL MOORE, ET AL           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Dorothy Washington filed this civil action in state court against three defendants, who then removed the case based on an assertion of diversity jurisdiction. The burden is on the removing defendants to set forth with specificity the facts necessary to show complete diversity of citizenship. The notice of removal (Doc. 2) appears to adequately allege the citizenship of all parties except Cactus Drilling Company, LLC. The notice asserts that Cactus is an Oklahoma LLC "with no members domiciled in Louisiana." An affidavit from a member of Cactus states that no members of Cactus are currently or ever have been domiciled or resided in Louisiana. It does not appear that the record contains any specific assertion of the identity and citizenship of the members.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however

many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007); Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court. See also D.B. Zwirn Special Opportunities

Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (ordering detailed allegations of citizenship of an LLC).

The removing defendants will be allowed until **February 17, 2017** to file an amended notice of removal that sets forth with specificity the identity of the members of Cactus and their citizenship. The court will then review the case to determine whether there is an adequate showing of diversity jurisdiction. If there is, and once the defendant **Daniel Moore** files an answer, the court will set a scheduling conference. If Plaintiff has not yet served Moore or obtained a waiver from him, she should do so promptly. Failure to make service within 90 days of removal may be cause to dismiss a defendant. Fed. R. Civ. Pro. 4(m).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of January, 2017.

Mark L. Hornsby
U.S. Magistrate Judge